IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>CURITEC, LLC[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-90108 (CML) |

**DEBTOR'S MOTION FOR ENTRY OF**
**FINAL DECREE AND ORDER CLOSING THE CHAPTER 11 CASE**

Curitec, LLC (the "Debtor") hereby submits this motion (the "Motion") for the entry of an order pursuant to § 350 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of a final decree and an order closing the above-captioned chapter 11 case. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are § 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.

**BACKGROUND AND REQUEST FOR RELIEF**

3. On March 3, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor continues to operate

---

[1] The last four digits of the taxpayer identification number of Curitec, LLC are 3000. The principal office of Curitec, LLC is located at 24 Waterway Ave, Suite 755, The Woodlands, TX 77380.

24230636.v2

its business and manage its property as a debtor-in-possession pursuant to § 1184 of the Bankruptcy Code.

4. On March 4, 2023, the Court appointed Drew McManigle as Subchapter V trustee (the "Subchapter V Trustee") [Docket No. 15].

5. On April 5, 2024, the Debtor filed the *Modified First Amended Plan of Reorganization of Curitec, LLC Dated March 28, 2024, With Incorporated Adequate Disclosures under § 1190(1) of the Bankruptcy Code* (the "Plan") [Docket No. 247].

6. On April 23, 2024, the Court entered an Order confirming the Plan (the "Confirmation Order") [Docket No. 258]. The Confirmation Order became final on May 7, 2024.

7. On June 17, 2024, the Debtor filed the *Notice of the Effective Date Regarding the Amended Plan of Reorganization of Curitec, LLC, Dated March 28, 2024 with Incorporated Adequate Disclosures Under § 1190(1) of the Bankruptcy Code* [Docket No. 268]. The Effective Date of the Plan occurred on June 17, 2024.

8. On July 17, 2024, the Debtor filed the *Notice of Substantial Consummation Regarding the Amended Plan of Reorganization of Curitec, LLC Dated March 28, 2024* [Docket No. 270], which provided notice that the Plan had been substantially consummated.

9. The Debtor has made all disbursements required to be made pursuant to the Plan.

10. Orders granting final applications for allowance of Professional Fees and Expenses for all professionals have been entered.

**RELIEF REQUESTED**

11. By this Motion, the Debtor requests that the Court enter the Final Decree, closing the above-captioned case.

24230636.v2

**BASIS FOR RELIEF**

12. "After an estate is *fully administered* in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022 (emphasis added); *see also* 11 U.S.C. § 350(a) ("After an estate is fully administered . . . the court shall close the case.").

13. Although neither the Bankruptcy Code nor the Bankruptcy Rules articulate when an estate is "fully administered," bankruptcy courts consider the following factors (the "Factors"):

   a. Whether the order confirming the plan has become final;
   b. Whether deposits required by the plan have been distributed;
   c. Whether the property proposed by the plan to be transferred has been transferred;
   d. Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
   e. Whether payments under the plan have commenced; and
   f. Whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See* Advisory Committee Note to Bankruptcy Rule 3022 (1991).

14. However, "these factors are not exhaustive, nor must all six factors be present to establish that a case should be closed." *In re Valence Tech, Inc.*, No. 12-11580-CAG, 2014 WL 5320632, at *3 (Bankr. W.D. Tex. Oct. 17, 2014).

15. Applying the Factors, the case is "fully administered." As set forth above, the Confirmation Order was entered on April 23, 2024 and is now final. All distributions and payments required by the Plan have been made. All motions and contested matters related to this case have been finally resolved. There were no deposits required by the Plan, nor property to be transferred under the Plan. Finally, the Court has issued Orders granting all final applications for allowance of Professional Fees and Expenses for all professionals in the case.

16. In sum, all of the factors listed in the Advisory Committee Note to Bankruptcy Rule 3022 are satisfied, the Plan has been substantially consummated, and the Debtor's estate has been fully administered. Accordingly, entry of the Final Decree is appropriate.

[*remainder of page intentionally left blank*]

24230636.v2

Dated: October 16, 2024						Respectfully submitted,

/s/*Andrew C. Helman*
Casey Doherty
Dentons US LLP
1300 Post Oak Blvd.
Suite 701
Houston, TX 77056
Phone: (713) 658-4600
Email:  casey.doherty@dentons.com

-and-

Samuel R. Maizel (admitted *pro hac vice*)
Dentons US LLP
601 S. Figueroa Street
Suite 2500
Los Angeles, CA 90017
Phone:  (213) 892-2910
Email:  samuel.maizel@dentons.com

-and-

Sam J. Alberts (admitted *pro hac vice*)
Dentons US LLP
1900 K Street NW
Washington, DC 20006
Phone: (202) 408-7004
Email:  sam.alberts@dentons.com

-and-

Andrew C. Helman (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One Beacon Street
Suite 25300
Boston, MA 02108
Phone: (207) 619-0919
Email:  andrew.helman@dentons.com

*Counsel to the Debtor*

24230636.v2

## CERTIFICATE OF SERVICE

I, Andrew C. Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I filed the foregoing document (with exhibits, if any) on the Court's CM/ECF electronic filing system, thereby serving all parties receiving notice and service in this case through the Court's CM/ECF electronic filing system.

Date: October 16, 2024                             */s/ Andrew C. Helman*

24230636.v2